**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**UNITED STATES OF AMERICA**

    **vs.**　　　　　　　　　　　　　　　　　　　　　　　　**5:08cr22-RS**

**ELIJAH JAMES CHISOLM**
_____/

## MOTION FOR MENTAL EXAMINATION

COMES NOW THE UNITED STATES OF AMERICA, and moves that defendant Elijah James Chisolm be examined to determine whether he is suffering from a mental disease or defect to the extent that he is unable to understand the nature and consequences of the proceedings against him and to properly assist in his defense (competency to stand trial) and whether he is suffering from a severe mental disease or defect at the time of the offenses charged such that was unable to appreciate the nature and quality or the wrongfulness of his acts (sanity at the time of the offenses).

## MEMORANDUM

Defendant advised the Pre-Trial Services Officer that he has been receiving SSI disability payments for a mental condition since 1996. Qualification for such benefits requires a long-term disability, such that the claimant is generally unable to work. McDaniel v. Bowen, 800 F.2d 1026, 1030 (11th Cir. 1986).

Defendant advised that he had seen psychiatrists on a number of occasions,

including within the last six months, and that he had taken medications in the past but was not taking them presently. Defendant also stated that he has smoked marijuana on a daily basis since age 14.

Defendant has a history of nearly sixty arrests.

Family members who testified at the detention hearing confirmed that defendant was receiving disability payments, but were unable to indicate the nature or severity of his disability.

Defendant has behaved appropriately in several court hearings and in recent contacts with law enforcement. Because defendant has invoked his constitutional rights, law enforcement has not had in-depth conversations with him.

Based upon the foregoing, there is cause to believe that defendant may be suffering from a mental disease or defect to the extent that he is unable to understand the nature and consequences of the proceedings against him and to properly assist in his defense. In order to insure that defendant is competent to stand trial, it is appropriate that defendant be examined through the Federal Bureau of Prisons and that a competency hearing be held. 18 U.S.C. §§4241(a) and (b).

The government notes that defendant is facing a mandatory minimum term of life imprisonment on two of the charges in the indictment. It is prudent to investigate the competency issue prior to resolution of the charges, so that the Court does not have the unenviable task of determining defendant's past competency, if it is raised under a future motion to vacate under 28 U.S.C. §2255, as occurred in <u>United States v. Johnson</u>, 344 F.2d 401 (5th Cir. 1965). This Court has a legitimate interest in insuring that whatever judgment is rendered in this case remains intact in subsequent

proceedings.  United States v. Wheat, 486 U.S. 153, 161, 108 S.Ct. 1692, 1698 (1988) (concerning conflicts of interest).

Defendant's circumstances also suggest that issues may be raised concerning whether defendant was legally sane at the time of the offenses.  While defendant has not filed the triggering notice under Rule 12.2, Federal Rules of Criminal Procedure, this examination should be conducted at the same time.  The undersigned has been advised in other cases that the inquiries used to determine responsibility for the offense are very similar to those used to determine competency to stand trial and that an order permitting both examinations avoids a later re-commitment on the sanity issue.

The undersigned has discussed this motion with defendants' present counsel, Susan James, Esq., but has not yet learned counsel's position on the motion.  Previous counsel had indicated general agreement with the need for a mental examination.

    Respectfully submitted,

    GREGORY R. MILLER
    United States Attorney

    *s/Michael T. Simpson*
    MICHAEL T. SIMPSON
    Assistant U.S. Attorney
    Florida Bar No. 254,339
    111 North Adams St., 4th Floor
    Tallahassee, FL 32301
    (850) 942-8430

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished by electronic filing this 27th day of June, 2008, to **Susan G. James, Esq.**

*s/Michael T. Simpson*