IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO. 5:08cr22-RH

ELIJAH JAMES CHISOLM,

    Defendant.

_____/

ORDER DENYING THE MOTION FOR
A FURTHER SENTENCE REDUCTION

    The defendant Elijah James Chisholm, whose sentence has already been reduced under the First Step Act's drug-quantity changes, has moved for a further reduction based on those changes.

    The motion runs headlong into the provision allowing only a single reduction under the First Step Act's drug-quantity changes: "No court shall entertain a motion made under" the provision allowing a sentence reduction based on the drug-quantity changes "if the sentence was previously imposed or previously reduced in accordance with" those changes or if a previous motion for such a reduction was denied on the merits. First Step Act of 2018, Pub. L. No. 115-391, § 404(c).

Even if Mr. Chisholm were deemed eligible for a further sentence reduction, his motion for a further reduction would be denied. The motion relies at least in part on *Concepcion v. United States*, 142 S. Ct. 2389 (2022). *Concepcion* addressed the factors a district court may consider in deciding whether and how much to reduce the sentence of a defendant eligible for a First Step Act reduction. This makes no difference in Mr. Chisholm's case, because all properly considered factors were properly considered on the first sentence reduction; *Concepcion* changes nothing.

In any event, I conclude, as a matter of discretion, that the sentence should not be further reduced. *See* Order of August 8, 2021, ECF No. 315. Mr. Chisholm's current 360-month sentence remains the sentence that is sufficient, but not greater than necessary, based on the sentencing factors in 18 U.S.C. § 3553(a).

SO ORDERED on October 6, 2022.

s/Robert L. Hinkle
United States District Judge
